O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JEANNINE FEHLOW, | ) | CASE NO. ED CV 14-01951 RZ |
| Plaintiff, | ) ) | |
| vs. | ) ) | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) ) | |

This matter comes before the Court on Plaintiff Jeannine Fehlow's suit to review the Social Security Commissioner's denial of her application for Supplemental Security Income.

The Administrative Law Judge found that Plaintiff had severe impairments of neck strain, back strain, fibromyalgia, bilateral shoulder tendinitis, and "history of right wrist fracture." [AR 11] However, he found that Plaintiff could perform a species of light work [AR 13], and that therefore she could perform her past relevant work as an order clerk. [AR 17] Accordingly, she was not disabled, and not entitled to supplemental security income benefits. [AR 17-18]

Plaintiff first argues that the Administrative Law Judge wrongly discredited her allegations of pain. The law on this point has been settled for some time. If a claimant alleges "excess pain" and produces medical evidence of an impairment which reasonably

could be expected to produce the pain alleged, then the Administrative Law Judge may reject the claims of pain only if he makes specific findings stating clear and convincing reasons for doing so. *Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991) (en banc ); *Smolen v. Chater*, 80 F.3d 1273 (9th Cir. 1996). The Administrative Law Judge did not comply with this law.

An administrative law judge must identify the specific testimony that he finds questionable, and then provide the reasons such testimony is not credible. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996); *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The Administrative Law Judge here identified Plaintiff's allegation

> "that she had body pain on a daily basis. . . . She explained that she had been treated for fibromyalgia since 2010. She also mentioned she had back and shoulder pain. She claimed that she took medication for those impairments, but they were not effective. She reported that due to the pain, she was unable to lift more than five pounds, had difficulties with postural activities, and was unable to sit for a prolonged period."

[AR 14]

The Administrative Law Judge said that Plaintiff had engaged "in a somewhat normal level of daily activity and interaction." But the exhibits he referenced, Exhibits 3E, 8E and 10F, do not support that statement. In Exhibit 3E, for example, Plaintiff said that she takes her children to school and "I try to pick up/tidy home as much as I can." [AR 181] She says she helps her younger children with homework "with my [older] son's help." The only meals she prepares are "frozen meals, already made" which take 5-10 minutes to prepare." She can do "light cleaning such as cleaning off table;" her daughter keeps the house clean and does the laundry, and her son does the yard work. [AR 118-88]

Exhibit 8E reveals similar restraints. There, Plaintiff said that she had "aching all over my body," and that she takes her children to school, and that she tries to do light cleaning but has to be careful. She said that she drives an automatic car, but if she drives more than a few miles she uses cruise control because her ankles and toes hurt badly. She said her daughter does most of the housework. [AR 216-18]

Exhibit 10F consists of medical records. Those records include, *inter alia*, the diagnosis of fibromyalgia.

When the statements are read in their full context, they cannot be fairly understood as supporting the notion that Plaintiff's level of daily activities impeaches her statements as to the impact of her impairments. Similarly, the Administrative Law Judge's statements that Plaintiff received relatively conservative treatment [AR 15] is not a basis for discrediting her statements about the impact of her impairments. The fact that surgical intervention or referral to a specialist for back and shoulder pain did not happen [AR 15] overlooks the fact that Plaintiff also carried a diagnosis of fibromyalgia. Fibromyalgia's cause is unknown, there is no cure, and it is poorly understood within much of the medical community. *Benecke v. Barnhart*, 379 F.3d 587, 589 (9th Cir. 2004). In such a situation, the fact that a claimant did not do more cannot be held against the claimant. *See Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1296 (9th Cir. 1998) ("Particularly because none of the many physicians Regennitter has seen has suggested effective treatment for his pain, the amount of medical treatment Regennitter has received is not necessarily inconsistent with his complaints.").

The last basis the Administrative Law Judge gave for discrediting Plaintiff was that she had made "inconsistent statements regarding matters relevant to the issue of disability." [AR 15] These inconsistent statements were that once she said that she could carry no more than five pounds, once she said that she could carry no more than ten pounds, and once she said that she was unable to carry anything. [*Id.*] These are inconsequential differences, and it would be inappropriate to call them inconsistencies,

certainly to call them inconsistencies of the type that call into question the larger testimony of the impact of her impairment.

Plaintiff also asserts in this Court that the Administrative Law Judge erred in his consideration of third-party statements by Plaintiff's husband and daughter. Essentially, the Administrative Law Judge said that the husband and daughter gave statements similar to Plaintiff's and that those statements were not credible for the same reasons, and for the additional reason that the husband and daughter were related to Plaintiff. This is not a sufficient basis for discrediting the third party evidence.

Lay testimony as to a claimant's symptoms is competent evidence that an administrative law judge must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so. *Lewis v. Apfel*, 236 F.3d 503, 510 (9th Cir. 2001). The Administrative Law Judge stated that the lay evidence was redundant of Plaintiff's own statements; since the Administrative Law Judge's reasons for discrediting Plaintiff were not sufficient, then it follows they were not sufficient for discrediting the lay witnesses either. Indeed, lay evidence can be *reinforcing* of the evidence given by the claimant. *Robbins v. Social Security Administration*, 466 F.3d 880 (9th Cir. 2006); *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). Further, the fact that the lay evidence came from family members, which occasionally may be a factor indicating bias, is generally not appropriate to be considered. *Smolen v. Chater*, 80 F.3d at 1279. And medical evidence alone would not be a sufficient basis for challenging the lay evidence in this case. *Bruce v. Astrue,* 557 F.3d 1113, 1115 (9th Cir. 2009).

The Administrative Law Judge's decision here did not comport with the decisional law of the Ninth Circuit. Accordingly, the decision is reversed, and the matter is remanded to the Commissioner for further proceedings consistent with this Memorandum Opinion.

DATED: April 7, 2015

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE